IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARIA DEL PILAR CHAVEZ,                            Case No.:

      Plaintiffs,

vs.

SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO,

      Defendant.

_____/

## COMPLAINT

1. Plaintiff, Maria Del Pilar Chavez ("Plaintiff"), brings this action against Defendant, SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO ("Defendant"), for gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992 ("FCRA"), §440.205, Fla. Stat. and alleges as follows:

### JURISDICTION AND VENUE

2. The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, liquidated damages, costs and attorneys' fees.

3. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. During all material times, Defendant conducted business within the State of Florida, and within Miami-Dade County, Florida.

5. Venue of this action is proper in Miami-Dade County as the actions which are the subject of this Complaint occurred in Miami-Dade County, all discriminatory acts complained of

herein, and all employment records relevant to this matter are maintained and administered within Miami-Dade County, Florida.

6. This Court has personal jurisdiction over the Parties.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to bringing this action have occurred.

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

9. A notification of Right to Sue was received and this Complaint has been filed within ninety (90) days of receipt thereof.

## PARTIES

10. Plaintiff is a citizen and resident of Miami-Dade County, Florida.

11. Defendant is a Florida corporation that conducts business in Miami-Dade County, Florida, and is an entity subject to suit under Title VII of the Civil Rights Act of 1964 and the FCRA.

## GENERAL ALLEGATIONS

12. Plaintiff is female.

13. Plaintiff was hired by Defendant in or about 2019 to work as a laborer, performing clean-up jobs for the Defendant throughout South Florida.

14. Despite Plaintiff's attempts to remain professional throughout her employment, Plaintiff was repeatedly harassed and propositioned for sex by several of Defendant's employees.

15. Specifically, one employee would regularly tell Plaintiff that he wanted to be intimate with her. This same employee would also implausibly take out his penis while he drove Plaintiff in one of Defendant's vehicles.

16. When Plaintiff complained to her supervisor about this employee's actions, Plaintiff's supervisor's response was that Plaintiff should stop complaining and she should capitulate to the male employee's demands.

17. A second of Defendant's employees also sexually harassed the Plaintiff.

18. The second employee is believed to be a relative of Defendant's owner.

19. This second employee repeatedly touched Plaintiff's rear, told Plaintiff that he loved her, videotaped Plaintiff while she slept, and sent Plaintiff vulgar messages about his sexual fantasies.

20. Although Plaintiff repeatedly complained about the second employee to her supervisor, nothing was done to improve Plaintiff's working conditions.

21. Plaintiff was harassed, humiliated, and ultimately terminated simply because she complained about Defendant's employee's unlawful actions and refused to work with them.

22. Defendant did not treat its male employees in the same discriminatory manner as it treated the Plaintiff.

23. Plaintiff has engaged the services of legal counsel and is obligated to pay legal counsel their fees incurred in the prosecution of this action.

## COUNT I – DISCRIMINATION BASED ON GENDER
## IN VIOLATION OF TITLE VII

24. Plaintiff repeats and realleges the allegations made in paragraph 1 through 23 above.

25. The foregoing facts and circumstances demonstrate that Defendant, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the conditions of her employment because of her sex.

26. Defendant and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of 1964, as amended. Nevertheless, Defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

27. As a direct and proximate result of the actions of Defendant and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

28. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

<div align="center">

**COUNT II – DISCRIMINATION BASED ON GENDER
IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

</div>

29. Plaintiff repeats and realleges his allegations made in paragraph 1 through 23 above.

30. The foregoing facts and circumstances demonstrate that Defendant and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the "conditions" of her employment because of her sex.

31. Defendant and its agents knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless,

Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

32. As a direct and proximate result of the actions of Defendant and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT III – RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

33. Plaintiff repeats and realleges the allegations made in paragraph 1 through 23 above.

34. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq*., prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender-based reasons.

35. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show

that the employee engaged in protected activity for purposes of Title VII retaliation claim. *42 U.S.C.A. § 2000e-5.*

36. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under Title VII. *Id.*

37. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards her.

38. In response to Plaintiff exercising protected activity under Title VII, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

39. The Defendant treated other employees who did not complaint about Defendant's discriminatory activities more favorably than the Plaintiff.

40. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under Title VII.

41. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT IV – RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

42. Plaintiff repeats and realleges the allegations made in paragraph 1 through 23 above.

43. The FCRA prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender-based reasons.

44. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show that the employee engaged in protected activity for purposes of an FCRA retaliation claim.

45. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under the FCRA

46. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards her.

47. In response to Plaintiff exercising protected activity under the FCRA, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

48. The Defendant treated other employees who did not complaint about Defendant's discriminatory activities more favorably than the Plaintiff.

49. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under the FCRA.

50. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT V – CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF §440.205, FLA. STAT.

51. Plaintiff repeats and realleges the allegations made in paragraph 1 through 23 above.

49. This Court has jurisdiction over Plaintiff's claim for violation of §440.205 pursuant to 28 U.S.C. §1367(a).

50. Plaintiff's claim for retaliation under §440.205 is part of the same case or controversy as Plaintiff's claims in Court I through Count IV herein. That is, all claims arise out of Plaintiff's employment with the Defendant; all claims assert wrongful actions against the Defendant while the Plaintiff was employed by the Defendant; and all claims involve similar facts, occurrences, witnesses and/or evidence.

51. Florida Statute §440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

52. On or about May 4, 2021, Plaintiff suffered a work-related injury while riding as a passenger in Defendant's work vehicle during the workday.

53. Immediately after suffering her work-related injury, Plaintiff reported her injuries to Defendant, and requested workers' compensation benefits from the Defendant.

54. Despite Plaintiff's request, Defendant failed to provide Plaintiff with workers' compensation benefits.

55. Instead, Defendant terminated Plaintiff's employment in retaliation for requesting benefits thorough workers' compensation.

56. The reasons Defendant claims it terminated Plaintiff, if any, are merely pretextual.

57. As a result of Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat., Defendant terminated Plaintiff's employment on or about May 6, 2021.

58. Defendant did not allow Plaintiff to re-commence work after being discharged.

59. A motivating factor which caused Plaintiff to be discharged as described above was Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat.

60. The actions Defendant took regarding Plaintiff's termination were in direct violation of §440.205, Fla. Stat.

61. As a direct result of Defendant's violation of §440.205, Fla. Stat., Plaintiff has been damaged.

WHEREFORE, Plaintiff requests judgment against the Defendant for:

A. actual and consequential damages, plus interest;

B. compensatory damages for pain, suffering and humiliation;

C. back pay, pre-judgment interest, front-pay/reinstatement, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant's actions and/or omissions.

D. Any and other further relief as this Court may deem just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.


Dated:  August 3, 2021

<div style="margin-left: 50%">

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff

</div>

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA DEL PILAR CHAVEZ,                    Case No.:  2021-018524-CA-01

      Plaintiffs,

vs.

SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO,

      Defendant.

_____/

## CIVIL ACTION SUMMONS

**TO:**

SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO
C/O CAMILO CAMPUZANO, REGISTERED AGENT
18495 SOUTH DIXIE HIGHWAY
#289
MIAMI, FL 33157-6817

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on ___8/11/2021___

Clerk of the Court,



By _____

Deputy Clerk

1

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                                    Circuit Court

Case Number: 2021-018524-CA-01

Plaintiff:
MARIA DEL PILAR CHAVEZ

vs.

Defendant:
SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO

For:
Jonathan Minick
John S. Minick, P.A.
169 E Flagler Street
Suite 1600
Miami, FL 33131

Received by DLE Process Servers, Inc on the 31st day of August, 2021 at 1:01 pm to be served on **Sky Florida Services, LLC d/b/a Cleanpro c/o Camilo Campuzano as Registered Agent, 18495 South Dixie Hwy, #289, Miami, FL 33157**.

I, Rafael Perez, do hereby affirm that on the **2nd day of September, 2021 at 11:51 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** to: **Mike Fernandez**, a person in charge at the recipient's **PRIVATE MAILBOX** location at the address of: **18495 South Dixie Hwy, #289, Miami, FL 33157**; the only address known after reasonable investigation and after determining that the person or business to be served maintains a mailbox at this location, in compliance with State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

_____

Rafael Perez
10017

DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2021037342

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA DEL PILAR CHAVEZ,                     Case No.: 2021-018524-CA-01

      Plaintiffs,

vs.

SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO,

      Defendant.

_____/

## CIVIL ACTION SUMMONS

**TO:**

SKY FLORIDA SERVICES, LLC D/B/A CLEANPRO
C/O CAMILO CAMPUZANO, REGISTERED AGENT
18495 SOUTH DIXIE HIGHWAY
#289
MIAMI, FL 33157-6817

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on   8/11/2021  

Clerk of the Court,



By _____

Deputy Cl

1